Park A. DALLIS and Jacqueline Dallis, Plaintiffs,.

v.

AETNA LIFE INSURANCE COMPANY, Defendant.

Civ. A. No. C82–910A.

United States District Court, N.D. Georgia, Atlanta Division.

Jan. 27, 1984.

See also, 574 F.Supp. 547.

E.T. Hendon, Jr., Moulton, Carriere, Cavan & Maloof, Decatur, Ga., for plaintiffs.

Tommy T. Holland and Anthony J. McGinley, Carter, Ansley, Smith & McLendon, Atlanta, Ga., for defendant.

## ORDER

ROBERT H. HALL, District Judge.

Pending before this court is plaintiff's application for reasonable expenses and attorney's fees and defendant's motion for leave to amend its answer. Jurisdiction is predicated upon diversity of citizenship, 28 U.S.C. § 1332.

## FACTS

The present case stems from the refusal of defendant, Aetna Life Insurance Company ("Aetna"), to reimburse the plaintiff for bills incurred in the treatment of plaintiff's wife's cancer. As a former DeKalb County employee plaintiff and his wife (now deceased) are covered under the terms and provisions of a group health insurance policy issued by defendant to DeKalb County.

Plaintiff's wife underwent extensive treatment for her cancer, including immuno-augmentative therapy performed at the Immunology Researching Centre, Ltd. ("IRC") in Freeport, Bahamas. Aetna has refused to reimburse plaintiff for the expenses incurred as a result of the treatments at the IRC.

During the discovery phase of this case plaintiff served upon defendant certain Requests for Admission. Contained therein were twelve requests, all pertaining to alleged payments by defendant to another individual, Ms. Annette Portera, for services rendered to her by the IRC.

In regard to approximately 10 of plaintiff's requests, defendant stated that it could neither admit nor deny them. All but two of these requests pertained to the authenticity of certain documents. Defendant stated in its response that it no longer maintained a file on Ms. Portera and was, therefore, unable to compare the copies provided by plaintiff to the originals (defendant stated that Ms. Portera's employer no longer had a file on her either). The remaining two requests asked for an admission that certain stated sums were paid for

treatments at the IRC.[1] Again defendant said that it could not admit or deny these because it had no file on Ms. Portera.

Because defendant failed to admit all the requested information, plaintiff found it necessary to establish these facts through other evidence, including the taking of the deposition of Ms. Portera. Plaintiff now requests reasonable and necessary expenses, including attorney's fees, incurred in perfecting this evidence.

In addition, defendant has moved for leave to amend its answer to include the following defense:

### SEVENTH DEFENSE

Defendant cannot be held liable to plaintiffs for benefits under the subject contract of insurance for charges which were not made, or which would not have been made to plaintiffs for treatment at the Immunology Researching Centre if no insurance existed and for which treatment plaintiffs were not legally obligated to pay to the IRC.

Further facts will be disclosed as necessary for the discussion of these two motions.

## DISCUSSION

### I. EXPENSES

Rule 37(c) of the Federal Rules of Civil Procedure provides a sanction for the failure to make an admission requested under Rule 36. Under Rule 37(c) if a party fails to admit (or states an inability to admit or deny) a matter when requested, and if the requesting party thereafter proves the truth of the matter, the requesting party may move for reasonable expenses, including attorney's fees. The court is required to award the expenses and fees unless it finds that one of four specified conditions exists. These conditions are as follows:

1) the request was held objectionable pursuant to Rule 36(a); or

2) the admission sought was of no substantial importance; or

3) the party failing to admit had reasonable ground to believe s/he might prevail on the matter; or

4) there was other good reason for the failure to admit.

The only relevant conditions in the present case are numbers two and four. According to defendant, whether benefits were paid to Ms. Portera in a different jurisdiction is irrelevant to this case. This court agrees. Plaintiff presented evidence of payments to Ms. Portera in support of its allegation of fraud. This court has granted defendant summary judgment on plaintiff's fraud claim, *Dallis v. Aetna Life Ins. Co.* (N.D.Ga.1983), 574 F.Supp. 547. However, because this grant of summary judgment was subsequent to plaintiff's filing of the relevant Requests for Admission, this court holds that defendant could not rely on the fact that the information sought would be deemed irrelevant to the case and that, therefore, condition two does not excuse defendant's failure to admit.

Defendant also contends that there were other good reasons for its failure to admit or deny. This condition, number 4, applies to situations where the party does not have, or cannot get through reasonable inquiry, the information on whether the matter contained in the request is true or not. As stated in 8 C. Wright and A. Miller, *Federal Practice and Procedure* § 2290, at 806 n. 94 (1970):

Since a statement of reasons why the party is unable to truthfully admit or deny is expressly permitted as a response to a request ... it would be quite anomalous if a party who has stated valid reasons why this is so should be required to pay his opponent's expenses.

In this case the defendant has stated what appears to be a valid reason for its inability to either admit or deny—it did not have, or have access to, the necessary files.

---

1. Defendant did admit that Ms. Portera had been insured under a policy issued to her employer by defendant and that certain payments were made to Ms. Portera under this policy.

Defendant denied, however, that it ever intended to make payments for treatment at the IRC and stated that if it did it was a mistake.

Plaintiff has not presented any evidence to suggest that this statement by defendant is not a true statement. For this reason this court DENIES plaintiff's request for fees and expenses.

## II. LEAVE TO AMEND

As stated in the factual summary of this case defendant has requested leave to amend its answer to include a new defense. The primary reasons for denying leave to amend are that the opposing party will be prejudiced by the amendment or that undue delay, bad faith or dilatory motive exist on the part of the movant. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). As plaintiff has made no opposition to this motion this court assumes that no such reasons exist. Defendant's motion is, therefore, GRANTED.

In summary, this court

1) DENIES plaintiff's motion for reasonable fees and expenses; and

2) GRANTS defendant's motion for leave to amend its answer.

So ORDERED, this 27 day of January 1984.